

# CT Corporation

**Service of Process Transmittal**
11/14/2012
CT Log Number 521608921

**TO:** Betty Puryear
Integrated Electrical Services, Inc.
5433 Westheimer, Suite 500
Houston, TX 77056

**RE: Process Served in Texas**

**FOR:** INTEGRATED ELECTRICAL SERVICES, INC. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Kent Davis, Pltf. vs. Integrated Electrical Services, Inc., Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, First set of Interrogatories, Certificate of Service |
| **COURT/AGENCY:** | Commonwealth of Virginia Portsmouth Circuit Court Civil Division, VA<br>Case # 740CL1200234100 |
| **NATURE OF ACTION:** | Employee Litigation - Violation of the Uniformed Services Employment and Reemployment Right Act of 1994, 38 U.S.C. |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/14/2012 at 14:30 |
| **JURISDICTION SERVED:** | Texas |
| **APPEARANCE OR ANSWER DUE:** | Within 21 days after service |
| **ATTORNEY(S) / SENDER(S):** | Courtney C. Williams<br>Bertini O'Donnell & Hammer, PC<br>999 Waterside Drive<br>Suite 1010<br>Norflok, VA 23510<br>757-670-3868 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 11/14/2012, Expected Purge Date: 11/19/2012<br>Image SOP<br>Email Notification, Sarah Kerrigan sarah.kerrigan@ies-co.com<br>Email Notification, Betty Puryear betty.puryear@ies-co.com<br>Email Notification, Gail Makode gail.makode@ies-co.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Amber Carrouth |
| **ADDRESS:** | 350 North St Paul Street<br>Suite 2900<br>Dallas, TX 75201 |
| **TELEPHONE:** | 214-932-3601 |

Page 1 of 1 / SK

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



EXHIBIT A

# COMMONWEALTH OF VIRGINIA



PORTSMOUTH CIRCUIT COURT
Civil Division
1345 COURT STREET
PORTSMOUTH VA
(757) 393-8671

Summons

To: INTEGRATED ELECTRICAL SERVICES
C/O CT CORPORATION SYSTEM
REGISTERED AGENT
4701 COX ROAD, SUITE 301
GLEN ALLEN VA 23060

Case No. 740CL12002341-00

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Friday, October 12, 2012

Clerk of Court: CYNTHIA P. MORRISON

/s/ 11-14-12    by _____
                        (CLERK/DEPUTY CLERK)

Instructions:


Hearing Official:


Attorney's name: BERTINI, LISA A
                 670-3868

SERVED BY
DRISKELL SERVICES, INC.
757-961-6961

IN THE CIRCUIT COURT FOR
THE CITY OF PORTSMOUTH

KENT DAVIS, )
                                    )     Case No.
      Plaintiff, )
                                    )     COMPLAINT
v.                                 )     (Jury Trial Demanded)
                                    )
INTEGRATED ELECTRICAL SERVICES, )
                                 INC. )
                                    )
      Defendant. )
                                    )

SERVE:    INTEGRATED ELECTRICAL SERVICES, INC.
              CT CORPORATION SYSTEM, REGISTERED AGENT
              350 N. St. Paul St. STE. 2900
              Dallas, TX 75201

## COMPLAINT

COMES NOW plaintiff KENT DAVIS ("Davis"), by and through counsel, and moves this court for entry of judgment in his favor, and against defendant INTEGRATED ELECTRICAL SERVICES ("IES") and in support of such motion, alleges and avers as follows:

### NATURE OF ACTION

1. Davis brings this civil action for declaratory, injunctive, and monetary relief for IES's violation of the Uniformed Services Employment and Reemployment Rights act of 1994, 38 U.S.C. § 4301 *et seq.* ("USERRA").

### PARTIES

2. Davis resides in Virginia Beach, Virginia.

3. IES is doing business in the City of Portsmouth, Virginia.

## JURISDICTION

4. This Court has jurisdiction over the subject matter of this action pursuant to 38 U.S.C. § 4323(b).

## VENUE

5. IES presently, and regularly, conducts affairs and business activities in the City of Portsmouth, Virginia.

6. The causes of action alleged in this action arose in the City of Portsmouth, Virginia.

## CLAIM FOR RELIEF

7. In August of 1999, Davis began employment with IES.

8. During Davis's employment with IES, he served in various roles, such as the Regional Safety Director and Regional Human Resources Manager.

9. The final position held by Davis was that of the Regional Human Resources Manager for the Northeast.

10. Davis serves in the NAVY.

11. In June of 2009, Mr. Davis was recalled by the NAVY to serve.

12. In February 2012, Davis informed IES through Jennifer Evans, John Werner, Bob Warwick, and Sandy Lawrence of his March 2012 return to his position as Regional Human Resources Manager for the Northeast.

13. Davis was discharged from the NAVY and returned to work at IES in

March of 2012.

14. On March 2, 2012, Davis was informed by IES that he was to return to his position as Regional Human Resources Manager on March 5, 2012.

15. On March 5, 2012, Davis arrived at IES and his "replacement", Melissa Singleton, was sitting at his former desk and was acting as Regional Human Resources Manager for the Northeast.

16. Mr. Davis's replacement was never informed that Davis was returning to his position creating embarrassment for Davis.

17. On the afternoon of March 6, 2012, Davis was offered the job of Human Resources Manager for the South by IES.

18. The position Davis was offered by IES is in Texas and Alabama, not Virginia.

19. The Human Resources Manager for the Northeast, which is located in Virginia, continues to be held by Davis's replacement.

20. Bob Callahan, former Vice President of Human Resources with IES later informed Davis that Jennifer Davis planned to offer him severance rather than return him to his former position within IES.

21. Human Resources Manager for the Northeast is a job position wherein the individual holding position remains in Virginia full-time.

22. Human Resources Manager for the South is a job position markedly different from the Human Resources Manager for the Northeast. The South position involves working at different locations across the country and extensive traveling as this position is responsible for hiring and other daily duties.

23. Davis had no duty to accept this new job offer. Therefore, Davis is no longer employed with IES because they offered him a job with markedly different duties and location and he did not accept.

24. IES did not place Davis in the same position he held prior to being recalled by the NAVY.

25. IES violated USERRA, 38 U.S.C. §§4311, 4312, and 4313, by, among other things, failing to properly reemploy Davis to his former position upon his return from military service.

26. Because of IES's violation of 38 U.S.C. §§4311, 4312, and 4313, Davis suffered and continues to suffer a substantial loss of earnings and other benefits.

27. The violation of IES of its obligations under USERRA was willful.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff KENT DAVIS prays that this Court enter judgment in his favor, and against defendant IES, on the above grounds, and further:

1. Declare that IES's refusal to properly reemploy Davis was unlawful and in violation of USERRA;

2. Order IES to comply fully with the provisions of USERRA by paying Davis for his loss of earnings and other benefits suffered by reason of IES's failure and refusal to comply with provisions of USERRA;

3. Award Davis prejudgment interest on the amount of lost earnings and other benefits found due;

4. Award Davis liquidated damages authorized under USERRA;

5. Enjoin IES from any action in violation of USERRA;

6. Award Davis attorneys fees and costs incurred in this action; and

7. Grant Davis such additional relief as may be deemed just and proper, together with costs and disbursements in this action.

Dated: October 1, 2012              KENT DAVIS

Of Counsel
Lisa A. Bertini (VSB #29660)
lbertini@bohlaw.net
Courtney C. Williams (VSB # 81083)
cwilliams@bohlaw.net
Bertini O'Donnell & Hammer, PC
999 Waterside Drive, Suite 1010
Norfolk, Virginia 23510
(757) 670-3868 Telephone
(757) 670-3865 Facsimile

*Counsel for Kent Davis*

# IN THE CIRCUIT COURT FOR
# THE CITY OF PORTSMOUTH

| | |
|---|---|
| KENT DAVIS, | ) |
|     Plaintiff, | ) Case No. |
| | ) |
| v. | ) COMPLAINT |
| | ) (Jury Trial Demanded) |
| INTEGRATED ELECTRICAL SERVICES, INC. | ) |
| | ) |
|     Defendant. | ) |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

Plaintiff, Kent Davis, by counsel, propounds the following Interrogatories, Requests for Production of Documents, and Requests for Admission on the Defendant, Integrated Electrical Services, Inc. ("IES").

These interrogatories and request for production of documents are continuing in character so as to require you to file supplemental answers if you obtain further information before trial.

### Instructions/Definitions

(A) "Person" shall mean the plural as well as the singular and shall include any nature of person, corporation, partnership, joint venture, association, government agency, and every other form of entity cognizable at law.

(B) "Identity" and "identify" when used in reference to an individual person means to state his or her full name, relationship to you, present or last known home and

1

business address, home and business telephone numbers, and the present or last known position and business affiliation of such person.

(C) Unless otherwise indicated, these interrogatories refer to the time, place and circumstances of the occurrence mentioned or complained of in the Complaint.

(D) Where knowledge or information in possession of a party is requested, such request includes knowledge of the party's agent/or representative.

(E) In answering these interrogatories furnish all information that is available to or obtainable by you upon reasonable inquiry, including but not limited to, information available to or obtainable upon reasonable inquiry by your attorneys, agents representatives or others in any way acting in your behalf.

(F) If you cannot answer each interrogatory in full after exercising due diligence to secure the information required to answer, so state, and answer to the extent possible, specifying the reasons for your inability to answer the remainder in full.

(G) "Document(s)" mean any written, recorded or graphic matter however produced or reproduced including, but not limited to, statement, reports, records, lists, memoranda, telefaxes, electronic mail, correspondence, schedules, photographs, videotapes, sound recordings, microfilm, microfiche, electronic data stored on cellular telephones, electronic mail messages, text messages on cellular phones or other similar electronic devices, electronic information stored on tablets, files and information stored in computers or other data or word processing equipment.

(H) The pronoun "you" or "your" includes the plaintiff and his agents or representatives unless stated otherwise.

In answering these interrogatories furnish all information that is available to or obtainable by you upon reasonable inquiry, including but not limited to, information

2

available to or obtainable upon reasonable inquiry by your attorneys, agents representatives or others in any way acting in your behalf.

If you cannot answer each interrogatory in full after exercising due diligence to secure the information required to answer, so state, and answer to the extent possible, specifying the reasons for your inability to answer the remainder in full.

## INTERROGATORIES

1. Identify all persons responding to these Interrogatories, including the identity of any person providing information to assist in your response to these Interrogatories. The answer should include the title of each individual, their role in preparing the Interrogatory responses, and should identify all documents used to prepare responses to these Interrogatories.

**ANSWER:**


2. Identify each person known to you to have knowledge of facts relating to any allegation contained within or relating to Plaintiff's Complaint, and for each person, state the subject matter known to that person. Include in your response a description of the substance of their knowledge, a statement of whether you presently expect to call them as a witness at trial, and a description of all documents which support, tend to support, or tend to refute your response to this Interrogatory.

**ANSWER:**

3

3. Identify each document or other tangible thing that you intend to use to support any claim asserted in your Answer, in opposition to any defense or affirmative defense asserted by you, utilized, relied upon, or referred to in formulating your answers to these Interrogatories or that you otherwise contend supports your claim or relates to any allegation asserted in your Complaint. Include in your answer a brief description of what you believe each document or thing proves, identify all documents which support, tend to support, or tend to refute your response to this Interrogatory, and identify the persons having possession, control or custody of the document or thing.

**ANSWER:**

4. Identify each communication Defendant, any employee or agent of Defendant had with any employee, former employee, or agent of Defendant concerning Mr. Kent's allegations, including the identity of all parties to the communication, the date of the communication, the content of each communication, and whether it was oral or written. Identify any and all documents which refer to, reflect, or record the above.

**ANSWER:**

5. If Defendant has made any admissions against its interest relating to the issues set forth in the pleadings in this matter, identify all such communications by date and by whom they were made, indicate whether or not said communications were oral or

written, and identify any person or entity to whom each communication was made, and all persons present when said admission was allegedly made.

**ANSWER:**

6. Identify any person other than counsel, who has provided you with a written or recorded statement or opinion of any kind which relates to any allegation, claim or defense raised in or by Plaintiff's Complaint and Defendant's Answer, and for each such person, provide the name, address and telephone number, describe the substance of such statement or opinion, the date you obtained such statement or opinion, the person who conducted the interview or received the statement or opinion and identify any document which records, reflects or relates to the statement or opinion.

**ANSWER:**

7. Identify all experts you intend to call to testify at trial, and describe in detail the subject matter of each such expert's anticipated testimony, the facts and opinions to which each expert is expected to testify, and the grounds for each opinion, educational background and bibliography of books and other works, which each expert regards as authoritative on the subject on which the expert is expected to testify, and attach to your answers any written report made by the expert concerning these facts and opinions.

**ANSWER:**

8. State the dates of Mr. Kent's employment, his job duties and the applicable dates for each, including any job descriptions that were given to Mr. Kent.

**ANSWER:**

9. Describe, exactly and in detail, including any supporting information for the reason that Mr. Kent was not offered his same position upon his return to IES in March of 2012.

**ANSWER:**

10. Describe, exactly and in detail, including any supporting information for the reason that Mr. Kent was offered a different position from the position he previously held upon his return to IES in March of 2012.

**ANSWER:**

## REQUEST FOR PRODUCTION OF DOCUMENTS

1. Produce Plaintiff's entire personnel file.

**RESPONSE:**

2. Produce all documents reflecting, referring or relating in any way to Plaintiff's recall by the NAVY.

**RESPONSE:**

6

3. Produce all documents reflecting, referring or relating in any way to Plaintiff's March 2012 return to IES.

**RESPONSE:**

4. Produce all documents reflecting, referring or relating in any way to the Plaintiff.

**RESPONSE:**

5. Produce all correspondence, whether written or oral, that you have had with any other individual or group, excluding attorneys, relating in any way to this lawsuit or the subject matter therein.

**RESPONSE:**

6. Produce all documents reflecting, referring, supporting, refuting, and relating to any and all contentions made in Plaintiff's Complaint.

**RESPONSE:**

7. Produce all documents reflecting, referring, supporting, and relating to your communication with any current or former employee of IES regarding or relating to Kent Davis.

**RESPONSE:**

7

Dated:   October 1, 2012				KENT DAVIS, plaintiff

						_____/s/_____
						Of Counsel
						Lisa A. Bertini (VSB #29660)
						lbertini@bohlaw.net
						Courtney Williams (VSB # 81083)
						cwilliams@bohlaw.net
						Bertini O'Donnell & Hammer, PC
						999 Waterside Drive, Suite 1010
						Norfolk, Virginia 23510
						(757) 670-3868 Telephone
						(757) 670-3865 Facsimile

						*Counsel for Kent Davis*

## CERTIFICATE OF SERVICE

I hereby certify that on the ___1st___ day of October, 2012, I mailed a true copy of the foregoing discovery requests to the Clerk of the Portsmouth Circuit Court for filing and service by Driskell Service on the defendant at the following address:

**Integrated Electrical Service**
c/o    CT Corporation System, Registered Agent
       4701 Cox Road, Suite 301
       Glen Allen, VA 23060

_____
Courtney C. Williams

9